

Robert D. Goldberg, Goldberg Law Offices, Pawtucket, for plaintiff.

Earl E. Metcalf, Cara Gallucci, Gallagher & Gallagher, Providence, M. Elizabeth Sta-

chura, Fitzhugh Associates, Tiverton, for defendant.

## OPINION

FAY, Chief Justice.

This case comes before this court pursuant to a petition for writ of certiorari. The employee, Jerzy Milrad, appeals from several adverse judgments of the Workers' Compensation Court.[1] The employer, Hasbro, Inc., avers that a decree from the Workers' Compensation Appellate Division (appellate division) must enter before this case is ripe for review on certiorari. After careful examination of the appellate division's order, we agree that this matter is not ripe.

At the trial level the cases of *Jerzy Milrad v. Hasbro, Inc.*, W.C.C. 88–7700; *Hasbro, Inc. v. Jerzy Milrad*, W.C.C. 88–3977; and *Jerzy Milrad v. Victor Electric*, W.C.C. 88–8943, were consolidated. In each of these cases the trial judge had issued a decision adverse to employee. In *Milrad v. Hasbro* and *Victor Electric* employee's petitions were denied and dismissed. In *Hasbro v. Milrad* employer's petition to vacate a memorandum of agreement was granted. The employee appealed from all three rulings. At the appellate division employee's appeal of *Milrad v. Victor Electric* was denied. That denial is not involved in this petition for certiorari.

Our jurisdiction over this case is set forth in G.L.1956 (1986 Reenactment) chapter 35 of title 28. Decrees issued by the trial court may be either affirmed, reversed, or modified by the appellate division or remanded to the trial judge for further consideration of factual issues. Section 28–35–28. Any person aggrieved by a final decree of the appellate division may petition this court for review. Section 28–35–29. Section 28–35–30(a) grants this court the authority upon petition for certiorari to "affirm, set aside or modify any decree of the appellate commission of the

---

1. Pursuant to G.L.1956 (1986 Reenactment) §§ 28–29–26, 28–30–2, and 28–35–28, as amended by P.L.1990, ch. 332, the Workers' Compensation Commission is now known as the Workers' Compensation Court. The commissioners are referred to as judges, and the appellate commission is known as the appellate division.

workers' compensation commission" on certain grounds.

In these consolidated cases the trial judge entered a judgment on August 8, 1989. The plaintiff filed an appeal, and the appellate division remanded the case to the trial level to afford the trial judge the opportunity "to indicate the medical evidence relied upon by him in formulating his opinion concerning disability." It is the appellate division's statutory prerogative to send a case back to the trial judge for additional findings. Section 28–35–28. It is our role to review a decree of the appellate division; however, "where there is no decree, there is nothing [to review]." *Thompson v. Coats & Clark, Inc.*, 105 R.I. 214, 228–29, 251 A.2d 403, 411 (1969). Therefore, this matter is not properly before this court.

For the reasons stated, the petition for certiorari is denied, the writ heretofore issued is quashed, and the order of the appellate division is affirmed. The papers in this case are remanded to the Workers' Compensation Court with our decision endorsed thereon.